UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x
MICHAEL GUEVARA, a minor, by his mother and
best friend, ELBA GUEVARA,

                      Plaintiff,

-against-

PHILIP AMICONE, individually, EDMUND HARTNETT,
individually, CITY OF YONKERS, New York, POLICE
OFFICERS JOHN DOE # 1, individually, POLICE OFFICERS
JOHN DOE # 2, POLICE OFFICERS JOHN DOE # 3, individually,

                      Defendants.

-------------------------------------------------------------------------x

                               CONSOLIDATED
                               Case No. 07 Civ. 6941 (CS)

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, MOTION FOR ATTORNEY'S FEES AND COSTS AND MOTION TO STRIKE AND/OR DISMISS THE COMPLAINT

DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
1 North Lexington Avenue
White Plains, New York 10601
(914) 681-0200

Attorneys for Defendants

## **TABLE OF CONTENTS**

                                                                                                          Page

PRELIMINARY STATEMENT.................................................................  2

STATEMENT OF FACTS...................................................................... 3

LEGAL ARGUMENT........................................................................... 4

    I.     Defendants are Entitled to Summary Judgment
           Dismissing the Complaints in their Entirety.................................... 4

          A.    Defendants are Entitled to Summary Judgment on
                Plaintiffs' First Amendment Retaliation Claims...................... 5

          B.    Defendants are Entitled to Summary Judgment on
                Plaintiffs' Equal Protection Claims.................................... 7

          C.    Defendants are Entitled to Summary Judgment on
                Plaintiffs' Claims for Compensatory and Punitive Damages....... 8

                1.    Defendants are Entitled to Summary Judgment
                      on Plaintiffs Claims for Unspecified
                      Compensatory Damages....................................... 9

                2.    Defendants are Entitled to Summary Judgment
                      on Plaintiffs' Claims for Punitive Damages.................. 10

    II.    Defendants are Entitled to an Award of Legal Fees and Costs............... 10

    III.   The Court Should Strike and/or Dismiss the Complaint in the
           Case of *Smith v. Amicone* Pursuant to FRCP 37(b) and 37(d)............... 11

  CONCLUSION.................................................................................. 14

## TABLE OF AUTHORITIES

**Case**                                                                                          **Page**

*Annis v. County of Westchester,*
    136 F.3d 239 (2d Cir. 1998)............................................................. 4

*Aretakis v. Durivage,*
    No. 07-CV-1273, 2009 U.S. Dist. LEXIS 7781 (N.D.N.Y. Feb. 3, 2009)........... 5

*Bay v. Times Mirror Magazines, Inc.,*
    936 F.2d 112 (2d Cir. 1991)........................................................... 4

*Biosafe-One, Inc. v. Hawks,*
    --- F. Supp. 2d ---, 2009 WL 2170150, *8 (S.D.N.Y. 2009)....................... 12

*Brown v. Dillion,*
    28 Fed.Appx. 77 (2d Cir. 2002)....................................................... 9

*Burke v. Jacoby,*
    981 F.2d 1372 (2d Cir. 1992).......................................................... 4

*Carey v. Piphus,*
    435 U.S. 247, 98 S.Ct. 1042 (1978)................................................... 9

*Cobb v. Pozzi,*
    363 F.3d 89 (2d Cir. 2004)............................................................ 7

*Curley v. AMR Corp.,*
    153 F.3d 5 (2d Cir. 1998)............................................................ 4-6

*D'Amico v. City of N.Y.,*
    132 F.3d 145 (2d Cir.),
    *cert. denied,* 524 U.S. 911 (1998)................................................... 4

*DeJesus v. Village of Pelham Manor,*
    282 F. Supp. 2d 162 (S.D.N.Y. 2003)................................................ 9

*Estate of Morris v. DaPolito,*
    297 F. Supp. 2d 680 (S.D.N.Y. 2004)................................................ 7

*Galvin v. State,*
    216 F.3d 1072, 2000 WL 839972 (2d Cir. 2000)..................................... 11

*Lee v. Edwards,*
    101 F.3d 805 (2d Cir. 1996)......................................................... 10

**Case**                                                                                      **Page**

*LeSavoy v. Lane,*
    No. 02 Civ. 10162, 2008 WL 2704393 (S.D.N.Y. Jul. 10, 2008)..................... 4

*Mangano v. Cambariere,*
    No. 04 Civ. 4980, 2007 WL 2846418 (S.D.N.Y. Sep. 27, 2007).................... 7

*McCann v. Coughlin,*
    698 F.2d 112 (2d Cir. 1983)................................................................... 9

*Memphis Community School Dist. v. Stachura,*
    477 U.S. 299, 106 S.Ct. 2537 (1986).................................................... 9

*Miner v. City of Glens Falls,*
    999 F.2d 655 (2d Cir. 1993)................................................................. 9

*People v. 11 Cornwell Co.,*
    718 F.2d 22 (2d Cir. 1983)................................................................. 11

*Richardson v. Newburgh Enlarged City Sch. Dist.,*
    984 F. Supp. 735 (S.D.N.Y. 1997)....................................................... 7

*Scotto v. Almenas,*
    143 F.3d 105 (2d Cir. 1998)............................................................... 4

*Smith v. Wade,*
    461 U.S. 30, 103 S.Ct. 1625 (1983)..................................................... 10

*Tornheim v. Eason,*
    175 Fed.Appx. 427 (2d Cir. 2006)....................................................... 11

*Unterberg Harris Private Equity Partners v. Xerox Corp.,*
    995 F. Supp. 437 (S.D.N.Y. 1998)....................................................... 4

*Wilson v. Aquino,*
    223 Fed.Appx. 73 (2d Cir. 2007)......................................................... 10

*Wolters Kluwer Fin. Servs., Inc. v. Scivantage,*
    564 F.3d 110 (2d Cir. 2009)............................................................... 12

**Statute**

FRCP 37(b)(2)......................................................................................... 11

FRCP 37(d)............................................................................................. 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

MICHAEL GUEVARA, a minor, by his mother and
best friend, ELBA GUEVARA,

                              Plaintiff,                    CONSOLIDATED
                                                           Case No. 07 Civ. 6941 (CS)

                    -against-

PHILIP AMICONE, individually, EDMUND HARTNETT,
individually, CITY OF YONKERS, New York, POLICE
OFFICERS JOHN DOE # 1, individually, POLICE
OFFICERS JOHN DOE # 2, POLICE OFFICERS JOHN
DOE # 3, individually,

                              Defendants.

-------------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
## SUMMARY JUDGMENT, MOTION FOR ATTORNEY'S FEES AND COSTS
## AND MOTION TO STRIKE AND/OR DISMISS THE COMPLAINT

Defendants Philip Amicone, Edmund Hartnett, John A. Liszewski, Paul Wood, the City

of Yonkers, Police Officer John Does # 1 to # 20, Police Officer Shield # 336, Police Officer

Shield # 124, Police Officer Shield # 942 and Sanitation Workers #1 to #20 (collectively,

"Defendants"), by and through their attorneys, DelBello Donnellan Weingarten Wise &

Wiederkehr, LLP, respectfully submit this memorandum of law, together with the accompanying

Local Rule 56.1 Statement, the accompanying Declaration of Brian T. Belowich dated October

29, 2009 ("Belowich Dec."), and all of the pleadings and proceedings previously had herein, in

support of: (i) Defendants' motion for summary judgment in the related actions entitled *Guevara*

*v. Amicone* (Case No. 07 Civ. 6941), *Smith v. Amicone* (Case No. 07 Civ. 6946); *Ayala v.*

*Amicone* (Case No. 07 Civ. 7080), *Kllapija v. Amicone* (Case No. 07 Civ. 7597) and *Gonzalez v.*

*Amicone* (Case No. 07 Civ. 7600), all of which have been consolidated under Case No. 07 Civ.

6941;[1] (ii) Defendants' motion for attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

(iii) Defendants' motion to strike and/or dismiss the Compliant in the case of *Smith v. Amicone*

(Case No. 07 Civ. 6941) pursuant to FRCP 37(b) and 37(d).

## PRELIMINARY STATEMENT

Plaintiffs Michael Guevara ("Guevara"), Gene Smith ("Smith"), Maribel Ayala

("Ayala"), Dominica L. O'Neill ("O'Neill"), Richard A. Guzman ("Guzman"), Cesar Castillo

("Castillo"), Maumer Kllapija ("Kllapija"), Christian Salazar ("Salazar") and Jason Gonzalez

("Gonzalez") (collectively, "Plaintiffs") are so-called "employees" of the Guardian News, Inc.

who received criminal summonses in the summer of 2007 for distributing copies of the

Westchester Guardian newspaper in the City of Yonkers in violation of the City Code.

Plaintiffs have asserted groundless claims against Defendants for the alleged violation of

their First Amendment and equal protection rights. Plaintiffs have not alleged (and cannot

possibly prove) that their First Amendment rights were "actually chilled" as a result of

Defendants' conduct. Indeed, the undisputed evidence shows that O'Neill, Guzman, Castillo,

Gonzalez and Smith distributed or otherwise disseminated copies of the Westchester Guardian

*after* receiving summonses. The evidence also shows that Guevara, Ayala, Kllapija and Salazar

were never asked to distribute copies of the Westchester Guardian in the City of Yonkers after

receiving summonses. Plaintiffs' First Amendment claim should therefore be dismissed.

Plaintiffs' equal protection claim should also be dismissed. Plaintiffs have not

adequately alleged (and cannot prove) that they were treated differently compared to others

similarly situated or that the "selective treatment" was intended by Defendants to inhibit or

---

[1] This Court issued an Order on or about January 9, 2009 consolidating the cases of *Guevara v. Amicone* (Case No. 07 Civ. 6941), *Smith v. Amicone* (Case No. 07 Civ. 6941), *Ayala v. Amicone* (Case No. 07 Civ. 7080), *Kllapija v. Amicone* and *Gonzalez v. Amicone* (Case No. 07 Civ. 7600) under Case No. 07 Civ. 6941. Belowich Dec., Ex. M.

punish Plaintiffs for the exercise of their First Amendment rights.  Plaintiffs' equal protection claims have absolutely no merit and should be dismissed as a matter of law.

In the event that Defendants' motion for summary judgment is denied, either in whole or in part, Defendants are entitled to summary judgment on Plaintiffs' claims for compensatory and punitive damages.  Plaintiffs claim to have suffered "emotional upset" and "anxiety," but readily admit that they did not go to a doctor, go to a hospital or take any medication and that they did not exhibit any physical symptoms of "emotional upset" or "anxiety" other than mild nausea. Plaintiffs also admit that they have no documents or other corroborating evidence to support their compensatory damages claim.  Plaintiffs, therefore, are not entitled to compensatory damages. Nor are they entitled to punitive damages as they have failed to establish that Defendants' conduct was "motivated by evil motive or intent" or that it "involves reckless or callous indifference" to their First Amendment or equal protection rights.

Based upon the foregoing, and for the reasons set forth herein, it is respectfully submitted that Defendants' motion for summary judgment should be granted.  It is further submitted that this Court should strike and/or dismiss the Complaint in the case of *Smith v. Amicone* (Case No. 07 Civ. 6946) under FRCP 37(b) and 37(d) as a sanction for, *inter alia*, the failure to respond to interrogatories and failure to appear for a deposition.

## STATEMENT OF FACTS

The undisputed facts supporting Defendants' motion for summary judgment, attorney's fees and costs are fully set forth in the accompanying Local Rule 56.1 Statement and Declaration of Brian T. Belowich, both of which are incorporated by reference herein.

3

**LEGAL ARGUMENT**

I.   **DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT
     DISMISSING THE COMPLAINTS IN THEIR ENTIRETY**

Summary judgment is appropriate "when there exists no genuine issue of material fact

and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law."

*D'Amico v. City of N.Y.*, 132 F.3d 145, 149 (2d Cir.), *cert. denied*, 524 U.S. 911 (1998); *Scotto v.

Almenas*, 143 F.3d 105, 114 (2d Cir. 1998). In a case such as this, "where the non-moving party

will bear the burden of proof at trial, Rule 56 permits the moving party to point to an absence of

evidence to support an essential element of the non-moving party's claim." *Unterberg Harris

Private Equity Partners v. Xerox Corp.*, 995 F. Supp. 437, 441 (S.D.N.Y. 1998) (quoting *Bay v.

Times Mirror Magazines, Inc.*, 936 F.2d 112, 116 (2d Cir. 1991)). *See also LeSavoy v. Lane*, No.

02 Civ. 10162, 2008 WL 2704393, *7 (S.D.N.Y. Jul. 10, 2008).

"[W]hen a defendant has moved for summary judgment on the ground that undisputed

facts reveal that plaintiff cannot establish an essential element of the claim, on which element the

plaintiff has the burden of proof, and the plaintiff has failed to come forth with evidence

sufficient to permit a reasonable [judge or] juror to return a verdict in his or her favor on that

element, summary judgment should be granted." *Unterberg Harris*, 995 F. Supp. at 441.

(quoting *Burke v. Jacoby*, 981 F.2d 1372, 1379 (2d Cir. 1992)) *See also Curley v. AMR Corp.*,

153 F.3d 5, 11 (2d Cir. 1998). Plaintiffs cannot possibly establish any of the elements of their

First Amendment retaliation or equal protection claims. Defendants' motion for summary

judgment should therefore be granted in its entirety.

**A.    Defendants Are Entitled to Summary Judgment on
       Plaintiffs' First Amendment Retaliation Claims**

In order to prevail on a First Amendment retaliation claim, "plaintiff must prove: (1) he
has an interest protected by the First Amendment; (2) defendants' actions were motivated or
substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled
the exercise of his First Amendment right." *Curley v. Vill. of Suffern*, 268 F.3d 65, 73 (2d Cir.
2001)). With respect to the third element, plaintiff must show "that his First Amendment rights
were 'actually chilled.'" *Id.* "Actual chilling must be established by 'a change in behavior'
because 'a subjective chill cannot serve as a substitute for a specific objective harm.'" *Aretakis
v. Durivage*, No. 07-CV-1273, 2009 U.S. Dist. LEXIS 7781, at * 77 (N.D.N.Y. Feb. 3, 2009)).

Plaintiffs allege in conclusory fashion that "Defendants' conduct has caused [them] to be
chilled in the exercise of their First Amendment rights as a consequence of which they will not
prospectively distribute the [Westchester] Guardian in the City [of Yonkers]." *See* Belowich
Dec., Ex. A at ¶ 19; Ex. C at ¶ 21; Ex. F at ¶ 20; Ex. J at ¶ 20.[2] These conclusory allegations are
insufficient to state a claim against Defendants for First Amendment retaliation.   As explained
by this Court in the related case of *O'Neill v. Edelman* (Case No. 08 Civ. 5757):

> In order to state a claim for First Amendment retaliation, Plaintiffs must... show
> that Defendants' "silenced" her, *Williams*, 535 F.3d at 78, or that Defendants'
> actions "actually chilled" her protected speech, *Curley*, 268 F.3d at 73...
> [Plaintiff] has not set forth even one example of a situation in which she desired
> to exercise her First Amendment rights but was chilled by defendants' alleged
> actions." *Mangano v. Cambariere*, No. 04-CV-4980, 2007 U.S. Dist. LEXIS
> 72595, at *7-8 (S.D.N.Y. Sep. 27, 2007). Having thus failed to allege any change
> in her behavior, she has pleaded only a "subjective chill [, which] cannot serve as
> a substitute for a specific objective harm." *Aretakis*, 2009 U.S. Dist. LEXIS
> 7781, at *77 (actual chilling requirement not met where there was no change in
> plaintiff's behavior and plaintiff alleged only that he was temporarily deterred
> from speaking). Accordingly, Plaintiff has not adequately pleaded actual chilling

---

[2] Plaintiff Gene Smith alleges that "Defendants' conduct has caused [him] to be chilled in the exercise of his First
Amendment rights as a consequence of which he will not replace the subject newsrack and/or place copies of the
[Westchester] Guardian at the said location." Belowich Dec., Ex. FF at ¶ 20.

of her speech. *See Agostino v. Simpson*, No. 08-CV-5760, 2008 U.S. Dist. LEXIS 93094, at *25-26 (S.D.N.Y. Nov. 14, 2008) (dismissing First Amendment retaliation claim where plaintiff did not allege actual adverse effect on speech); *Ford v. Reynolds*, 326 F. Supp. 2d 392, 403 (E.D.N.Y. 2004) (retaliation claim dismissed where plaintiffs failed to allege any actual chilling or deterrence of speech), *aff'd*, 167 F. App'x 248 (2d Cir. 2006). Thus Plaintiff has failed to plead [an] essential element of her First Amendment retaliation claim.

Belowich Dec., Ex. V at p. 15 (emphasis added).

As in *O'Neill*, Plaintiffs have not set forth even one example of a situation in which they wanted to exercise their First Amendment rights but were "actually chilled" by Defendants' actions. Plaintiffs' First Amendment retaliation claims should be dismissed for this reason alone. *See* Belowich Dec., Ex. V. Plaintiffs' First Amendment retaliation claims should also be dismissed on grounds that the undisputed evidence before the Court demonstrates conclusively that Plaintiffs were <u>not</u> "actually chilled" as a result of Defendants' alleged conduct.

The undisputed evidence shows that Plaintiffs O'Neill, Guzman, Castillo, Gonzalez and Smith disseminated copies of the Westchester Guardian in the City of Yonkers after receiving summonses. *See* Belowich Dec., Ex. P at 32:7-38:6; Ex. Q at 28:6-28:19; Ex. R at 23:11-24:9, 36:18-36:21; Ex. U at 21:23-23:6; Ex. EE at 24:21-28:20. The undisputed evidence also shows Plaintiffs Guevara, Ayala, Kllapija and Salazar were never asked to distribute copies of the Westchester Guardian in the City of Yonkers after receiving summonses. *See* Belowich Dec., Ex. N at 18:9-18:15; Ex. O at 15:18-15:25; Ex. S at 26:3-26:6;[3] Ex. T at 22:18-23:5, 28:12-28:15.

Where a party can show no change in his behavior, "he has quite plainly shown no chilling of his First Amendment right to free speech." *Curley,* 268 F.3d at 73. Plaintiffs have utterly failed to establish any change in their behavior as a result of the retaliatory conduct

---

[3] Maumer Kllapija testified that he stopped distributing copies of the Westchester Guardian because he found another job. *See* Belowich Dec., Ex. S at 25:13-25:25, 30:7-30:10.

alleged in the Complaints.  Accordingly, and for the reasons set forth herein, Defendants' motion

for summary judgment on Plaintiffs' First Amendment retaliation claims should be granted.

> **B.    Defendants Are Entitled to Summary Judgment on
> Plaintiffs' Equal Protection Claims**

"To establish a claim of selective prosecution, plaintiff must demonstrate that: (1) [he]

was selectively treated compared to others similarly situated; and (2) such selective treatment

'was based on impermissible considerations such as race, religion, intent to inhibit or punish the

exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Mangano v.

Cambariere*, No. 04 Civ. 4980 (SCR)(GAY), 2007 WL 2846418, at *5 (S.D.N.Y. Sep. 27, 2007)

(quoting *Cobb v. Pozzi*, 363 F.3d 89, 110 (2d Cir. 2004)).

"In order to satisfy the first element, plaintiff must demonstrate that [he] was treated

differently from persons who are 'similarly situated in all material aspects.'"  *Id.* (quoting

*Richardson v. Newburgh Enlarged City Sch. Dist.*, 984 F. Supp. 735, 746 (S.D.N.Y. 1997)).  "In

determining whether persons are similarly situated, 'the relevant aspects are those factual

elements which determine whether a reasoned analogy supports, or demands, a like result.'"  *Id.*

(quoting *Estate of Morris v. DaPolito*, 297 F. Supp. 2d 680, 686 (S.D.N.Y. 2004)).

Plaintiffs do not allege that they were treated differently from anyone in any material

aspect.  Plaintiffs merely allege as follows:

> [P]ursuant to a coordinated action by Amicone, Hartnett [and other Defendants]
> all copies of the Guardian were repeatedly confiscated and discarded by
> Defendants -- hateful conduct motivated in whole or in substantial respect by the
> substantive content of the Guardian concerning Amicone and the Yonkers Police.
>
> Also in that connection and pursuant to the same coordinated action, Guardian
> newsracks were repeatedly confiscated and/or discarded by Defendants…

As a further consequence of that coordinated action, Defendants repeatedly and daily targeted employees of The Guardian News, Inc....,[4] threatened them with arrest, and charged them criminally -- with the same motivation and the objective of entirely stopping dissemination of the Guardian in and about City Hall and the City because of its substantive content.

By way of contrast publications favorable to Amicone and the City... were permitted by the Defendants to be dispensed from *inter alia*: (a) a newsrack, located on a stairway in City Hall; and (b) a counter at a security desk in City Hall as manned by a uniformed Police Officer.

Also by way of contrast, persons distributing the publications favorable to Amicone and the City were permitted with impunity by Defendants to place those periodicals: (a) in the stairway referenced *supra*, and (b) on the security desk counter as referenced *supra*.

Belowich Dec., Ex. Ex. C at ¶¶ 14-18; Ex. F at ¶¶ 13-17; Ex. J at ¶¶ 13-17.

These allegations are patently insufficient to satisfy the first element of a selective prosecution claim (i.e., that Plaintiffs were treated differently than others similarly situated.) The allegations are also insufficient to satisfy the second element of a selective prosecution claim (i.e., that the "selective treatment" was intended to inhibit or punish the exercise of one's constitutional rights). Plaintiffs do not allege (and cannot possibly prove) that their equal protection rights were violated in any way. Plaintiffs are not even aware that they asserted equal protection claims. *See* Belowich Dec., Ex. N at 9:3-9:18; Ex. O at 8:2-8:22; Ex. P at 10:5-11:16; Ex. R at 13:6-13:15; Ex. T at 10:16-13:6. Plaintiffs' equal protection claims have absolutely no merit and should be dismissed as a matter of law.

### C.    Defendants are Entitled to Summary Judgment on Plaintiffs' Claims for Compensatory Damages and Punitive Damages

In the event that Defendants' motion for summary judgment is denied, either in whole or in part, Defendants are entitled to summary judgment on Plaintiffs' claim for unspecified compensatory damages and punitive damages.

---

[4] Plaintiffs allege in the Complaints that they were, at all relevant times, "employed by the Guardian News, Inc." Belowich Dec., Ex. A at ¶ 3; Ex. C at ¶ 3; Ex. F at ¶ 3; Ex. J at ¶ 3. This allegation is false. The Guardian News, Inc. does not have any employees. *See* Belowich Dec., Ex. L at ¶ 11.

    1.    **Defendants are Entitled to Summary Judgment on Plaintiffs'**
           **Claims for Unspecified Compensatory Damages**

"It is well established that to collect compensatory damages in an action brought pursuant to 42 U.S.C. § 1983, a plaintiff must prove more than a mere violation of his constitutional rights. He must also demonstrate that the constitutional deprivation caused him some actual injury." *McCann v. Coughlin*, 698 F.2d 112, 126 (2d Cir. 1983) (citing *Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042 (1978)). *See also Brown v. Dillion*, 28 Fed.Appx. 77, 78 (2d Cir. 2002) (citing *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 106 S.Ct. 2537 (1986)). Plaintiffs have not demonstrated (and cannot demonstrate) that the alleged constitutional deprivation caused them <u>any</u> actual injury.

Plaintiffs allege that Defendants' conduct caused them to suffer "emotional upset; public embarrassment; public humiliation; shame [and] anxiety" and that it "otherwise render[ed] [them] sick and sore." Belowich Dec., Ex. A at ¶ 19; Ex. C at ¶ 21; Ex. F at ¶ 20; Ex. J at ¶ 20; Ex. FF at ¶ 20 . It is true that a court may award damages for emotional suffering in a § 1983 case. *See Miner v. City of Glens Falls*, 999 F.2d 655, 662 (2d Cir. 1993) (citing *Carey*, 435 U.S. at 263-64, 98 S.Ct. at 1052). However, "[i]n order to justify recovery for emotional distress, Plaintiffs must present sufficient evidence that they experienced 'concrete emotional problems' and mere subjective statements by a plaintiff concerning feelings of anguish or humiliation, without any physical effects of such distress or corroborating evidence or other supporting evidence, are insufficient." *DeJesus v. Village of Pelham Manor*, 282 F. Supp. 2d 162, 178 (S.D.N.Y. 2003) (citing *Annis v. County of Westchester*, 136 F.3d 239, 249 (2d Cir. 1998)).

Plaintiffs have failed to come forth with <u>any</u> evidence that they experienced "concrete emotional problems." Plaintiffs testified that they did not go to a doctor, go to a hospital or take any medication to treat the "emotional upset" or "anxiety" alleged in the Complaints and that

they suffered no physical symptoms as a result of Defendants' alleged conduct other than mild nausea.[5] *See* Belowich Dec. Ex. N at 22:14-22:17; Ex. O at 17:24-18:13; Ex. P at 42:5-43:10; Ex. Q at 37:13-38:6; Ex. R at 30:17-32:18; Ex. S at 32:21-34:2; Ex. T at 30:2-30:15; Ex. U at 25:16-28:8.  Moreover, Plaintiffs do not have any documents or other corroborating evidence to support their claim that they have been emotionally damaged as a result of Defendants' conduct. *See* Belowich Dec., Ex. N at 27:3-27:6; Ex. O at 21:19-22:12; Ex. P at 47:8-47:20; Ex. Q at 44:17-44:21; Ex. R at 36:7-36:10; Ex. S at 40:19-41:4; Ex. T at 36:12-36:15; Ex. U at 32:3-33:5. Based upon the foregoing, Defendants are entitled to summary judgment on Plaintiffs' claims for unspecified compensatory damages.

### 2.    Defendants are Entitled to Summary Judgment on Plaintiffs' Claims for Punitive Damages

Punitive damages are available in a § 1983 action only "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Wilson v. Aquino*, 223 Fed.Appx. 73, 77 (2d Cir. 2007) (citing *Lee v. Edwards*, 101 F.3d 805 (2d Cir. 1996) and *Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 1625 (1983)).  Plaintiffs have utterly failed to establish that Defendants' conduct was "motivated by evil motive or intent" or that it "involves reckless or callous indifference" to their First Amendment or equal protection rights.  Defendants are therefore entitled to summary judgment on Plaintiffs' claims for punitive damages.

## II.    DEFENDANTS ARE ENTITLED TO AN AWARD OF LEGAL FEES & COSTS

In the event that Defendants' motion for summary judgment is granted, either in whole or in part, Defendants are entitled to an award of reasonable attorneys' fees pursuant to 42 U.S.C. §

---

[5] It should be noted that only four Plaintiffs claimed to have felt nauseous as a result of Defendants' alleged conduct. *See* Belowich Dec., Ex. P at 42:5-42:10; Ex. Q at 37:13-38:8; Ex. R at 30:17-31:7; Ex. S at 32:21-33:9.  The other four Plaintiffs testified that they did not exhibit any physical symptoms of emotional upset or anxiety. *See* Belowich Dec., Ex. N at 22:11-22:13; Ex. O at 17:24-18:6; Ex. T at 30:2-31:3; Ex. U at 25:16-26:11.

1988. "'Section 1988 provides that in any action to enforce civil right statutes,... 'the court, in

its discretion may allow the prevailing party, other than the United States, a reasonable attorney's

fee as part of the costs.'" *Tornheim v. Eason*, 175 Fed.Appx. 427, 429-30 (2d Cir. 2006)

(quoting *People v. 11 Cornwell Co.*, 718 F.2d 22 (2d Cir. 1983)). "A prevailing defendant may

be awarded such fees where the plaintiff's action was 'frivolous, unreasonable, or groundless.'"

*Galvin v. State*, 216 F.3d 1072, 2000 WL 839972, *1 (2d Cir. 2000). *See also Tornheim*, 175

Fed.Appx. at 430 (awarding legal fees to defendant pursuant to 42 U.S.C. § 1988). The claims

asserted by Plaintiffs are frivolous, unreasonable and groundless. *See* pp. __-__, *supra*.

Accordingly, and for the reasons set forth herein, Defendants' motion for an award of attorneys'

fees and costs pursuant to 42 U.S.C. § 1988 should be granted.

## III.   THE COURT SHOULD STRIKE AND/OR DISMISS THE COMPLAINT IN THE CASE OF *SMITH v. AMICONE* PURSUANT TO FRCP 37(b) AND 37(d)

It is respectfully submitted that this Court should issue an Order striking and/or

dismissing the Complaint in the case of *Smith v. Amicone* (Case No. 07 Civ. 6946) pursuant to

FRCP 37(b)(2) and 37(d). FRCP 37(b)(2) provides, in pertinent part, as follows:

> (A)   *[Sanctions] For Not Obeying a Discovery Order.* If a party... fails to obey an order to provide or permit discovery..., the court where the action is pending may issue further just orders. They may include the following:
>
> > (iii)   striking the pleadings in whole or in part;
> >
> > (v)   dismissing the action or proceeding in whole or in part.
>
> (C)   *Payment of Expenses.* Instead of or in addition to the orders above, the court <u>must</u> order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

FRCP 37(b)(2) (emphasis added).

11

FRCP 37(d) provides, in part:

(1)(A) *Motion; Grounds for Sanctions.*  The court where the action is pending may, on motion, order sanctions if:

    (i)    a party… fails, after being served with proper notice, to appear for that person's deposition; or

    (ii)    a party, after being properly served with interrogatories under Rule 33… fails to serve its answers, objections or written response.

(3)    *Types of Sanctions.*  Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).  Instead of or in addition to these sanctions , the court <u>must</u> require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

FRCP 37(d) (emphasis added).

This Court has "broad power" to impose sanctions under FRCP 37(b) and 37(d).  *See Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110 (2d Cir. 2009) ("Federal Rule of Civil Procedure 37(d)… grants a district court 'broad power' to impose sanctions on a party who disobeys a discovery order"); *Biosafe-One, Inc. v. Hawks*, --- F. Supp. 2d ---, 2009 WL 2170150, *8 (S.D.N.Y. 2009) ("A district court has broad discretion pursuant to Rule 37(b) of the Federal Rules of Civil Procedure to impose sanctions for discovery abuses").

Smith and his attorney, Jonathan Lovett, Esq., have abused the discovery process for almost eighteen months.  Mr. Lovett duly served with Defendants' First Set of Interrogatories and a Notice of Deposition on or about May 12, 2008.  Belowich Dec., Exs. HH & II.  On July 30, 2008, Mr. Lovett advised Defendants' counsel that "Smith… was in a car accident involving head injuries" and that he was therefore "unable to verify under oath responses" to Defendants' First Set of Interrogatories at that time.  Belowich Dec., ¶ 38.

By May 20, 2009, Mr. Lovett still had not provided responses (verified or unverified) to Defendants' First Set of Interrogatories.  Belowich Dec., ¶ 39.  Therefore, on May 20, 2009,

Defendants' counsel, Brian T. Belowich, Esq., wrote to the Court requesting permission to file a motion to dismiss the Complaint pursuant to FRCP 37(b) and 37(d). Belowich Dec., Ex. JJ. On May 21, 2009, the Court endorsed Mr. Belowich's letter, writing: "Pre-motion conference to be held on June 3, 2009 @ 10:00 a.m. Plaintiff's counsel should be prepared to explain at that time why verified responses have not been served (and, it should go without saying, should serve them before that date)." *Id.* Mr. Lovett failed to provide responses to Defendants' First Set of Interrogatories by June 3 as directed by the Court. Belowich Dec., ¶ 40.

At the pre-motion conference on June 3, 2009, Mr. Lovett explained that Smith suffered a traumatic brain injury and then stated: "Doesn't mean he doesn't have to do a verification. I have to find out what his mental capacity is, I should know that by the end of this week." Belowich Dec., Ex. KK at 12:20-13:2. The Court responded: "All right, you're going to notify Mr. Belowich and me by the end of this week" (i.e., by June 5, 2009). *Id.* at 13:3-13:4. Mr. Lovett failed to notify the Court or Mr. Belowich by June 5, 2009 as ordered by the Court. Belowich Dec., ¶ 41.

On July 9, 2009 and July 31, 2009, Mr. Belowich again wrote to the Court requesting permission to file a motion to dismiss the Complaint in the case of *Smith v. Amicone* pursuant to FRCP 37(d) and 37(b). Belowich Dec., Exs. LL & MM. On September 4, 2009, the Court directed Mr. Lovett's partner, Rory Bellantoni, Esq., to advise the Court within twenty-one days if he intended to proceed with the case of *Smith v. Amicone.* Belowich Dec., ¶ 43. On September 25, 2009, Mr. Lovett sent a letter to the Court, stating: "I spoke with Plaintiff Gene Smith's daughter who advises that he is capable of both responding to Defendants' interrogatories and being deposed." Belowich Dec., Ex. NN.

On October 7, 2009, Mr. Belowich sent an email to Mr. Bellantoni, stating: "On September 25, I received a letter from Jonathan Lovett stating that Gene Smith is capable of both responding to Defendants' interrogatories and being deposed. Please let me know when I can expect to receive responses to Defendants' Interrogatories. Please also let me know when Mr. Smith is available to be deposed. Thank you." Belowich Dec., ¶ 44. On October 11, 2009, Mr. Bellantoni responded: "Given the timing and the status of the rest of the case, do you really need both or can you just depose him?" *Id.* The following morning, in an effort to resolve the ongoing discovery dispute, Mr. Belowich replied: "That's fine. Please give me some dates. Thanks." *Id.* Mr. Bellantoni never replied to this email. *Id.* at ¶ 45.

In light of the repeated failure to respond to Defendants' First Set of Interrogatories, the continued failure to appear for a deposition and the blatant violation of two Court orders, it is respectfully submitted that the Court should exercise its "broad power" to impose sanctions under FRCP 37(b) and 37(d) and issue an Order striking and/or dismissing the Complaint in the case of *Smith v. Amicone*.

## CONCLUSION

For all of the foregoing reasons, it is respectfully submitted that this Court should issue an Order: (i) granting Defendants' motion for summary judgment; (ii) granting Defendants' motion for attorneys' fees and costs; (iii) granting Defendants' motion to strike and/or dismiss the Complaint in the case of *Smith v. Amicone*; and (iv) awarding to Defendants and Amicone such other and further relief as this Court deems just and proper.

14

Dated: White Plains, New York
       October 30, 2009

                                                  DELBELLO DONNELLAN WEINGARTEN
                                                  WISE & WIEDERKEHR, LLP

By:      _____

                                                  Kevin J. Plunkett (KP 3049)
                                                  Brian T. Belowich (BB 6910)
                                                  1 North Lexington Avenue
                                                  White Plains, New York 10601
                                                  (914) 681-0200

                                                  Attorneys for Defendants

15